UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CHRISTOPHER HEADEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOSEPH C. SCOTT, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01146-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION, AND DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>Docket No. 15 |

　　　　The Court received Plaintiff's Complaint in the instant civil rights action on February 24, 2022. *See* Docket No. 1 ("Complaint"). That same day, Magistrate Judge Illman received a similar complaint from Plaintiff. *See* Docket No. 1, *Headen v. San Mateo County*, Case No. 22-cv-1145-RMI. After the case before Judge Illman was dismissed, Plaintiff stated that he wished to consolidate the two actions. *See* Docket No. 22, *Headen v. San Mateo County*, Case No. 22-cv-1145-RMI (summarizing Plaintiff's communications). The Court granted Plaintiff time to amend the Complaint filed in this action to state all of his claims. *See* Docket No. 12. Two months later, plaintiff filed four hundred pages of addenda to his Complaint. *See* Docket Nos. 13, 14.

　　　　Plaintiff now seeks an extension of time in which to amend his Complaint. *See* Docket No. 15. He also asks the Court to appoint counsel. *See id*.

　　　　Plaintiff's motion to be appointed counsel is **DENIED**. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.*

1  Neither of these factors is dispositive and both must be viewed together before deciding on a
2  request for counsel under § 1915(e)(1). Here, exceptional circumstances are not present because
3  the issues in this action are not complex. Nor does Plaintiff seem likely to succeed on the merits;
4  indeed, the claims presented to the Court thus far appear to be *Heck-* or *Younger*-barred. *See*
5  *generally*, Compl. Additionally, the filings that Plaintiff has submitted show that he is able
6  adequately to articulate his claims *pro se*. Plaintiff's request for appointment of counsel to
7  represent him in this action therefore is denied.

Plaintiff's request for an extension of time to file an amended complaint is **GRANTED**. Plaintiff must file an amended complaint no later than **December 2, 2022**, and must include this order's caption and civil case number and the words AMENDED COMPLAINT on the first page.

Plaintiff is cautioned that his amended complaint **must be a complete statement of his claims**. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[F]or any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Thus, if Plaintiff files an amended complaint, he must include **both** the claims he initially presented in this action, **and** the claims he wishes to pursue against San Mateo County. Plaintiff also must keep in mind the requirement that he file a "short and plain statement of [his] claim." Fed. R. Civ. P. 8(a). Although Plaintiff may submit evidence to support his "short and plain" statement, the Court will not treat four hundred pages of addenda as an amended complaint.

If Plaintiff does not file a "short and plain" amended complaint by the deadline, the Court will conclude that he has waived the claims initially filed in the case against San Mateo County and the instant action will move forward only as to the claims initially filed in this action.

This order disposes of Docket No. 15.

**IT IS SO ORDERED**.

Dated: September 22, 2022

_____
EDWARD M. CHEN
United States District Judge

2